Van Hoesen, J.
The plaintiff’s application is strictissimi juris, inasmuch as the granting of it might have the effect of robbing Peter to pay Paul.
Mr. Nathans has no right to this money if it be Joy’s, and whether it is Joy’s or not, cannot be determined upon an application made under section 2447 (Code Civ. Proi.]. The only cases in which section 2447 is applied, is where there is no “ substantial dispute,” as to the right of the judgment debtor to the property. Here there is a substantial dispute as to Satterlee’s right to the check. If it be true that Joy placed in the hands of Satterlee, a certain sum of money (now represented by the check in controversy) to be deposited with the comptroller, that the comptroller should keep it if a* contract were awarded to Satterlee, or return it to Joy, if a contract were not awarded, it is, to say the least, very doubtful if the judgment creditor has any claim upon the check. Certainly the rights of Joy ought not to be disposed of upon this summary application.
It is said that J oy must be treated as a lender of money, and that Battcrlee, as the borrower, acquired the title to the .money that Joy lent to him. This would be so, if the understanding of the parties was that Satterlee might do what he pleased with the money, but if it were the understanding that the money should be deposited with the comptroller and returned to Joy if a contract were not awarded ‘to Satterlee, why should not that understanding be carried out? Should Satterlee be allowed to hold the money in spite of his agreement that it should be returned to Joy in case a contract were not awarded ? If Satterlee would not be permitted to retain the money, why should Nathans, who *320 is only a judgment, creditor, standing in S at te vice’s shoes, be aided to lay his hands upon it ?
But there is a controversy as to whether Joy did lend Satterlee the money. It is alleged by the judgment creditor that it was Sattcrlec’s own money and not Joy’s, that was deposited with the comptroller., This raises an issue of fact that should be tried in an action, and ought not to have been disposed of summarily upon this application.
So much of the order .of April 17, 1884, as directs the comptroller to pay to Joy the chock in controversy should bo reversed. That part of the order that denied the application for a receiver should also be reversed, and the plaintiff should have leave to apply at special term for the appointment of a receiver.
The order is affirmed as far. as it denies the plaintiff’s application for an order that the comptroller deliver the check to the sheriff.
Labeemobe, P. J., concurred.